Joyce **LABBEE**, by Pearl Labbee, Next Friend, Appellant,

v.

**ROADWAY EXPRESS, INC.,** Appellee.

No. 72–1165.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1972.

Decided Nov. 9, 1972.

Jack Appelquist, Springfield, Mo., for appellant.

Buell F. Weathers, Springfield, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, MEHAFFY, Circuit Judge, and DENNEY, District Judge.*

DENNEY, District Judge.

This is a suit for damages for personal injuries brought by Joyce Labbee, a minor, through Pearl Labbee, her mother and next friend. The suit was originally filed in the Circuit Court of Texas County, Missouri, at Houston, Missouri, and subsequently removed by the defendant to the United States District Court.

Jurisdiction based upon diversity of citizenship and the requisite amount is established. The case was tried to a jury who found for the defendant, Roadway Express, Inc. Plaintiff's motion for new trial was overruled by the trial court. This timely appeal followed.

At trial, the evidence showed that Joyce Labbee had been riding in an automobile driven by Pearl Labbee on February 6, 1971. The automobile was being driven in a westerly direction on an asphalt highway near rural Dunn, Missouri. It was snowing and the road was snow covered. Being driven in an easterly direction was a tractor trailer truck owned by the defendant. The driver of the truck was Glenn Pannell and it was not disputed that he was operating the vehicle within the scope of his employment. The Labbee vehicle was traveling at approximately 30 m.p.h. when it slipped off the highway as it came out of a curve. It got back on the highway and then skidded across the center line. The truck at this point was between 50 feet–175 yards away, depending on the witness, and travelling at 40 to 50 m.p.h. Pannell jerked his truck to the right, but did not leave the pavement, apply his brakes or sound his horn. The left rear of the automobile and the left front bumper of the truck collided.

The jury returned a verdict for the defendant.

## VIOLATION OF STATUTE

Plaintiff alleges that the trial court erred in refusing to give two instructions regarding the effect of a safety provision of the United States Department of Transportation, Federal Highway Administration, which is set out in 49 C.F.R. § 392.14. The Court refused the instructions upon the grounds that there was no evidence of violation of the safety provision upon which the jury could base its verdict and moreover, even assuming that the violation was proven, then there was no causal connection proved between the violation and the collision.

§ 392.14 provides:

> Extreme caution in the operation of a motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the vehicle shall be discontinued and shall not be resumed until the vehicle can be safely operated. Whenever compliance with the foregoing provisions of this rule increases hazard to passengers, the motor vehicle may be operated to the nearest point at which the safety of passengers is assured.

This Court is of the opinion that the trial court was correct in its ruling on the instructions both for the reasons given and for a more basic one as well.

Missouri is one of those states where violation of a statute of this kind is evidence of negligence in a civil action. State ex rel. Wells v. Mayfield, 365 Mo. 238, 281 S.W.2d 9 [1955]. However, before such a violation may be evidence of negligence, it must be shown that the statute was intended to protect against the sort of harm that occurred. Mansfield v. Wagner Electric Mfg. Co., 294 Mo. 235, 242 S.W. 400 [1922]. Reg-

* Sitting by designation.

ulations of this nature are designed to protect against the possibility that as conditions become hazardous the truck driver will be more prone to lose control of his vehicle and cause an accident. Here, there was no evidence but that Pannell was in complete control of his truck at the time it was struck by the automobile. Thus, even if it could be shown that the statute in question was violated, its violation could not be used as evidence of negligence. Mansfield v. Wagner Electric Mfg. Co., supra. The trial court properly refused to give the requested instructions regarding violation of § 392.14.

## VOIR DIRE

The plaintiff also asserts that the trial court committed reversal error in conducting the voir dire examination. Specifically, plaintiff alleges that the trial court did not adequately determine whether or not any prospective jurors had a connection with an insurance company which had an interest in the lawsuit.

During the voir dire, the trial court asked individual questions of the prospective jurors regarding their occupations and families. Part way through the voir dire, counsel approached the bench and out of the hearing of the jury plaintiff's counsel asked the court to inquire regarding insurance. In response, the court asked whether or not any of the prospective jurors, or any of the members of their immediate families had been engaged in the business of adjusting claims for railroads, truck lines, or insurance companies. After the voir dire, the defendant moved for a mistrial, on the grounds that repeated references to the matter of liability insurance had unduly emphasized the presence of liability insurance in the case. The motion was overruled.

■ It is well settled that the trial court has broad discretion in determining what questions will be asked during voir dire. Goosman v. A. Duie Pyle, Inc., 320 F.2d 45 [4th Cir. 1963]. However, the substance of the voir dire examination is subject to the right of the parties to have an impartial jury and the questioning must in general attempt to preserve that right. Kiernan v. Van Schaik, 347 F.2d 775 [3rd Cir. 1965].

■ There is a narrow line that the Court must tread regarding insurance. This Court is not of the opinion that the trial court was required to ask the prospective jurors whether or not they were officers or employees of any specific insurance company. In fact, to do so might well overemphasize the issue. The trial court's questions were calculated to bring out any direct interest or bias of a prospective juror and there is no evidence that they did not accomplish that result. The specific questions of the trial court were within its discretion and the Court cannot find that plaintiff was denied his right to an impartial jury. The existence of interest was properly, albeit delicately, explored.

## EVIDENCE

■ The trial court refused to allow evidence by the plaintiff to attempt to prove that defendant's driver had been operating the truck for such a long time that he would necessarily have been fatigued, for the reason that such was not one of the allegations of negligence in the pretrial order number 2.

Rule 16 of the Federal Rules of Civil Procedure provides that the issues set out in the pre-trial order controls, unless modified at trial to prevent manifest injustice. The trial court did not find any such manifest injustice herein in limiting the issues to those contained in the pretrial order and this Court is of a similar persuasion. The evidence was correctly rejected by the trial court.

Next, defendant asserts that the trial court erred in not admitting evidence as to the stopping distance of an automobile. Evidence was admitted as to the stopping distance of a truck under similar circumstances. The trial court ruled that evidence of the stopping dis-

tance of an automobile was not material to the issues.

The Court finds that the trial court properly rejected such evidence. The stopping distance of an automobile would have been admissible only if some negligence on the part of the driver of the automobile was at issue. Because the plaintiff was a passenger in the automobile, this was not the case in this lawsuit. Only the stopping distance of a truck under similar circumstances was pertinent.

The remaining evidentiary and argument errors of the plaintiff do not rise to the level of serious discussion.

## CONCLUSION

After a detailed review of the entire record of this case, the Court finds that the verdict of the jury was founded upon substantial evidence in a trial free of prejudicial error.

The judgment is affirmed.