Laverne PETERSON, Appellant,

v.

AUTO WASH MANUFACTURING AND SUPPLY COMPANY; David J. Roth and Charles E. Meeks; Greenwald Industries, Appellees.

No. 81–1711.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 13, 1982.

Decided May 11, 1982.

Rehearing Denied June 7, 1982.

Kortenhof & Ely, Ben Ely, Jr., John Keath, St. Louis, Mo., for appellant.

Law Offices of Robert H. Burns, John H. Marshall, Clayton, Mo., for appellees David J. Roth and Charles E. Meeks.

Ely & Newport, Robert C. Ely, St. Louis, Mo., for appellee Auto Wash Mfg. and Supply Co.

Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for Greenwald Industries, appellee.

Before HENLEY, Circuit Judge, GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Laverne Peterson appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a jury verdict in favor of Auto Wash Manufacturing & Supply Co. (Auto Wash), David J. Roth, Charles Meeks, and Greenwald Industries (Greenwald). For reversal appellant argues that the trial court made several substantial trial errors. In view of the arguments made by Auto Wash and Greenwald that appellant failed to make a submissible case against them, we reviewed the evidence in the light most favorable to appellant. We agree with Auto Wash and Greenwald that the trial court should have granted their motions for directed verdict because the evidence against them was insufficient as a matter of law. For this reason we do not address appellant's allegations of error with respect to Auto Wash and Greenwald. We have reviewed appellant's allegations of error with respect to Roth and Meeks and find them to be without merit. Although the trial court should have granted the motions of Auto Wash and Greenwald for directed verdict, we affirm the judgment of the trial court because judgment was entered in favor of all the defendants on the basis of the jury verdict against appellant. Accordingly, the judgment of the district court is affirmed.

On March 1, 1979, appellant was injured while washing her husband's car at a self-service car wash owned and operated by Roth and Meeks. Auto Wash provided an instruction sign about the use of the car wash equipment; Greenwald manufactures the coin-operated water meters.

Appellant had used self-service car washes before and had used this car wash at least once. She had read the instructions before and did not reread the instructions this time. Appellant parked the car inside the car wash bay. She then removed the hose from the coin meter located on the passenger side of the car wash bay. She had a firm grasp on the hose when she inserted $0.50 into the coin meter, turned the selection dial to "soap," and proceeded to wash the car.[2] Appellant was washing the driver's side of the car when the water automatically shut off ($0.50 supplies four minutes of water). She placed the hose on the floor. She then removed the car mats and put them on the floor. Appellant inserted an additional $0.50 in the coin meter and walked around the car. As she leaned forward to pick up the hose, the water pressure caused the hose to "whip around" and hit her in the eye.

Appellant brought this diversity action on a strict liability for failure-to-warn theory, alleging that the defendants were liable because the defendants failed to warn users that the hose would "whip around" if not restrained when the money was inserted and the water released. The case was tried to a jury before a magistrate with the consent of the parties. The jury returned a verdict in favor of all defendants. This appeal followed.

Appellant first argues that the trial court erred in refusing to grant appellant's motion for new trial. Appellant argues that the verdict was against the weight of the evidence and the jury was improperly influenced by appellant's position as the spouse of a federal court reporter and her relative affluence. "In reviewing a district court's order denying a new trial, appellate courts ordinarily defer to the discretion of the district court and reverse only upon a strong showing that such discretion has been abused." *Voegeli v. Lewis*, 568 F.2d 89, 94–95 (8th Cir. 1977).

1. The Honorable William S. Bahn, United States Magistrate for the District Court for the Eastern District of Missouri.

2. The car wash equipment pumps treated water from a central storage tank through pipes to each individual car wash bay. The coin meter controls the release of water. Upon the insertion of $0.50, and if the selection dial is in the "soap," "rinse" or "wax" position, water is released under pressure through the hose. If the selection dial is in the "off" position, the water is not released.

We find no abuse of discretion here. The verdict was not against the weight of the evidence. Although an engineering expert testified that in his opinion the instruction sign did not adequately warn users of the danger that the hose could "whip around" if not restrained, appellant testified on cross-examination that she had used similar car wash equipment several times before, that she knew it was necessary to grip the hose firmly when she inserted the money and began to wash the car, that she knew the water in the car wash equipment was under pressure, and that she knew that the water came up to full pressure almost immediately after money was inserted in the coin meter. Contributory fault is a defense to strict liability recognized in Missouri law.[3] See Kayser v. Rockwell Graphic Systems, Inc., 666 F.2d 1233, 1235 (8th Cir. 1982), citing Keener v. Dayton Electric Manufacturing Co., 445 S.W.2d 362, 366 (Mo.1969); Collins v. B.F. Goodrich Co., 558 F.2d 908, 911 (8th Cir. 1977) (Missouri law); see also Jackson v. Coast Paint & Lacquer Co., 499 F.2d 809, 814–15 (9th Cir. 1974) (discussing Montana law which, like Missouri law, follows the Restatement 2d on Torts).

■ Nor can we say that the trial court abused its discretion in denying the motion for new trial on the grounds of jury bias. Appellant argues that the jury erroneously believed she had an "inside track" because her husband is a federal court reporter. This point was raised during voir dire. One prospective juror had speculated whether appellant, as the wife of a federal court reporter, might have an advantage in court, but she expressly denied that the relationship would affect her judgment in the case.

The trial court assured the juror that "nobody has an inside track in any of the federal courts." At several times during trial defense counsel referred to appellant's two family cars and vacation home in a resort area. Appellant argues that the jury was adversely influenced by the repeated references to her relative affluence. Evidently the ownership of the two cars was considered relevant to appellant's experience with car washes. Appellant's counsel objected to the vacation home question; the trial court sustained the objection, instructed the jury to disregard the question and denied a motion for mistrial. We find no fault in the trial court's handling of this matter.

■ Appellant next argues that the trial court erred in giving a contributory fault instruction. Appellant argues that the affirmative defense of contributory fault was never pleaded by Roth and Meeks and that there was no factual support for such an instruction. Although Roth and Meeks did not plead the affirmative defense of contributory fault, appellant was cross-examined on this issue without objection. We are satisfied that the contributory fault issue was tried by implied consent. See Fed. R.Civ.P. 15(b); e.g., Arkla Exploration Co. v. Boren, 411 F.2d 879, 882–83 (8th Cir. 1969); see generally 6 C. Wright & A. Miller, Federal Practice & Procedure § 1493 (1971). As discussed above, there was sufficient evidence to raise the contributory fault question before the jury.

■ Appellant also argues that the contributory fault instruction was confusing, ambiguous and misleading because the instruction[4] used the phrases "danger as sub-

---

3. "[The affirmative defense of contributory fault] requires proof that the plaintiff knows the facts which create the danger and proof that he comprehends and appreciates the danger itself." Kayser v. Rockwell Graphic Sys., Inc., 666 F.2d 1233, 1235 (8th Cir. 1982), citing Williams v. Ford Motor Co., 454 S.W.2d 611, 619 (Mo.App.1970); see also Jackson v. Coast Paint & Lacquer Co., 499 F.2d 809 (9th Cir. 1974) (good discussion of contributory fault defense, under Montana law, which adopted the Restatement 2d, as did Missouri).

4. The contributory fault instruction provided:
Your verdict must be for defendants Roth and Meeks if you believe:
First, when the car wash machine was used, plaintiff knew of the danger as submitted in other instructions and appreciated the danger of its use, and,
Second, plaintiff voluntarily and unreasonably exposed herself to such danger, and,
Third, such conduct directly caused or directly contributed to cause any damage plaintiff may have sustained.

mitted in other instructions" and "such danger" without specification, thus referring to more than one danger. Appellant argues that the jury was confused because the instructions shifted back and forth between the danger from the car wash equipment and the danger from the coin meter. Appellant did make a timely and specific objection. We find no error in this instruction. Although the instruction could have been made more specific, the danger referred to in the instruction was the danger that the hose would "whip around" if not restrained when money was inserted and the water released.

■ Appellant next argues that the trial court erred in refusing to strike closing arguments about contributory negligence. Appellant argues that defense counsel for Roth and Meeks in closing argument referred to what appellant should have known instead of what appellant actually knew. Appellant notes that whereas contributory negligence raises questions about the plaintiff's reasonable, objective knowledge, contributory fault raises questions about the plaintiff's actual, subjective knowledge. *See Collins v. B.F. Goodrich Co.*, 558 F.2d at 911; *Jackson v. Coast Paint & Lacquer Co.*, 499 F.2d at 814–15. Here, both challenged statements [5] were made in the context of references to and summaries of appellant's testimony on cross-examination about her knowledge of and experience with the operation of car wash equipment. The second statement is admittedly generalized in character; however, this statement immediately followed several statements summarizing appellant's testimony.[6] Although defense counsel could have been more specific in closing argument, we find no abuse of discretion in the trial court's refusal to strike the challenged statements.

■ Appellant next argues that the trial court erred in refusing to ask on voir dire whether any prospective juror had any interest in or connection with the two insurance companies involved in this case. Appellant argues that this refusal made it impossible to determine whether any prospective juror was biased or prejudiced due to involvement with insurance or insurance companies and thus impaired her ability to peremptorily strike prospective jurors or to challenge a prospective juror for cause. We find no abuse of discretion in this refusal. This court has not required questioning on voir dire with respect to any specific insurance company on the grounds that such an inquiry could overemphasize the issue of insurance. *See Labbee v. Roadway Express, Inc.*, 469 F.2d 169, 172 (8th Cir. 1972). *Compare Wichmann v. United Disposal, Inc.*, 553 F.2d 1104, 1109 (8th Cir. 1977) (general inquiry into prospective jurors' connection with insurance permitted), *and Kiernan v. Van Schaik*, 347 F.2d 775, 782 (3d Cir. 1965) (general inquiry approved), *with Langley v. Turner's Express, Inc.*, 375 F.2d 296, 297 (4th Cir. 1967) (general inquiry disapproved).

■ Appellant next argues that the trial court erred in excluding evidence of another accident. Appellant sought to introduce evidence about another accident at the car wash that occurred about six months after appellant's accident to impeach Meeks' testimony that "there had never been a problem" with the instructions at the car wash. We find no abuse of discretion in the exclusion of this evidence. The record indicates that the second accident was not similar to appellant's: the customer had finished washing her car, the water had shut off, and she had replaced the hose in the coin meter when the hose "jumped out" and hit her.

---

5. Appellant specifically challenges the following: "[T]he law does not require one to warn someone about or instruct someone about what they already know.... A person activating that system knows that they must control it with their hands."

6. Moreover, defense counsel argued in this portion of closing argument that it was common or general knowledge that the hose would "whip around" if not restrained when the car wash equipment was activated. If the danger was generally known and recognized, there was no duty to warn.

Appellant next argues that the trial court erred in failing to grant a mistrial following references to appellant's financial status. Appellant argues that defense counsel's repeated references to appellant's affluence, particularly her family's vacation home in a resort area, prejudiced the jury. We find no abuse of discretion in the trial court's refusal to declare a mistrial. We note that the trial court sustained appellant's objection to the vacation home line of questioning and instructed the jury to disregard the question. We further think appellant has overstated the impact of the two-car reference.

Appellant next argues that the trial court erred in admitting Meeks' testimony on cross-examination that he had seen a customer "just take a quick glance at the sign." Appellant argues that this evidence was irrelevant to the failure-to-warn issue and emphasized another irrelevant comment made earlier by Roth that "the great majority [of car wash customers] would come in to the car wash and, of course, not read the signs." Appellant argues with some merit that the testimony about the behavior of other customers was irrelevant and misleading. Although we question the relevance of Meeks' and Roth's testimony about the reading behavior of other car wash customers to the failure-to-warn issue, particularly because it was undisputed that appellant did read the instruction sign the first time she used the car wash, we find no reversible error. Meeks testified during direct examination about his experience with instruction signs, his observation of the customers, and the behavior of the customers.

Appellant next challenges the giving of a converse instruction offered by Roth and Meeks. Appellant argues that the Roth and Meeks converse instruction misleadingly referred to the inadequacy of the instruction sign when put to a reasonably anticipated use, when the issue was whether the instruction sign failed to warn the customer that the car wash equipment was unreasonably dangerous. We have reviewed the instructions and find no grounds for reversal. The instructions were based upon the Missouri pattern instructions and, when considered as a whole, accurately instructed the jury on the applicable law. We believe the instructions as given did not misleadingly instruct the jury to determine whether the instruction sign in itself was unreasonably dangerous, but correctly instructed the jury to determine whether the car wash equipment presented an unreasonable danger when put to a reasonably anticipated use and, if so, whether the instruction sign failed to warn the customer of the danger.

Accordingly, the judgment of the district court is affirmed.