**Michael GASTON, Plaintiff–Appellant,**

v.

**CINCINNATI SHAPER COMPANY,
Defendant–Respondent.**

No. 54962.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 14, 1989.

Paul C. Hetterman, St. Louis, for plaintiff-appellant.

Patrick Joseph Phillips, Evans & Dixon, St. Louis, for defendant-respondent.

CRANDALL, Presiding Judge.

Plaintiff, Michael Gaston, appeals from a judgment entered in favor of defendant, Cincinnati Shaper Co., following a jury trial. Plaintiff brought an action under a theory of products liability for bodily injuries he sustained while he was working with a metal shaping device, known as a shear, designed and manufactured by defendant. He claims the trial court erred by sustaining defendant's objection to certain questions asked by plaintiff during cross-examination of defendant's expert. We affirm.

Plaintiff was injured while working as an employee of Hussman Refrigeration on June 17, 1982. Two workers are normally required to operate a shear. One worker controls the power and pushes the metal through the front end of the machine. The other worker keeps the metal from bending and periodically reaches inside the machine to remove trapped metal sheets. When the machine was sold in 1946, it was equipped with a chute which delivered the scrap metal away from the machine's moving parts. Hussman Refrigeration had removed the chute which was not on the machine at the time of plaintiff's accident.

Plaintiff was injured when he reached into the machine and the other worker switched on the power. As a result, the

back angle gauge moved downward and crushed the soft tissue and bones of plaintiff's forearm against a stack of metal sheets. The back angle gauge was located 34.5 inches away from the cutting mechanism. There was evidence that the other worker could not see plaintiff because the design of the machine precluded visual contact.

Plaintiff contended at trial that the shear was defective and unreasonably dangerous because it lacked a dual control system which would require both operators to throw switches in order to activate the machine. Defendant's expert, Dennis Cloutier, testified that the shear was not defective nor unreasonably dangerous. During cross-examination, plaintiff's counsel questioned Mr. Cloutier about the possibility of injuries caused by the cutting mechanism. After permitting some cross-examination on the subject, over defendant's objection, the trial court sustained defendant's relevancy objection when plaintiff's counsel asked Mr. Cloutier "whether persons crawling into the machine would have their hands underneath the cutting mechanism."

On appeal, plaintiff claims that the trial court erred by not allowing plaintiff to cross-examine defendant's expert regarding potential injuries which could be caused by the shear's cutting device. Plaintiff argues that, although his injury was not caused by the cutting mechanism, his question was relevant to the issue of the unreasonably dangerous condition of the machine. Plaintiff claims that both his injury, caused by the back angle gauge, and injuries caused by the cutting device could have been prevented by equipping the machine with a dual control device.

A trial court is granted broad discretion in admitting or rejecting evidence on relevancy grounds. *Mo. Commercial Inv. v. Employers Mut. Cas.*, 680 S.W.2d 397, 402 (Mo.App.1984). Moreover, the extent and scope of cross-examination, particularly of an expert witness, is discretionary with the trial court and the court's rulings will not be disturbed absent a clear showing of an abuse of discretion. *Powell v. Norman*

*Lines, Inc.*, 674 S.W.2d 191, 195–196 (Mo. App.1984).

Here, the relevancy of the information plaintiff sought to plaintiff's claim was tenuous at best. Although plaintiff claims that his injury and a cutting mechanism injury are related, plaintiff was not injured by the cutting mechanism. There was no evidence that anyone had ever been injured by the cutting mechanism, and the cause of plaintiff's injury was not similar to a hypothetical injury that might be caused by the cutting mechanism. We find no abuse of discretion in the exclusion of this evidence. *See Peterson v. Auto Wash Mfg. & Supply Co.*, 676 F.2d 949, 953 (1982).

In view of our holding, we need not address defendant's contention that plaintiff did not preserve his objection for appeal.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.