**Robert E. HAMPTON, Appellant,**

v.

**The KROGER COMPANY, Appellee,**

**Royal Globe Insurance Co., Intervenor Below.**

**No. 79–1983.**

United States Court of Appeals, Eighth Circuit.

Submitted April 1, 1980.

Decided April 9, 1980.

J. R. Nash, North Little Rock, Ark., for appellant.

Boyce R. Love, Friday, Eldredge & Clark, Little Rock, Ark., for appellee.

Before BRIGHT, HENLEY, and McMILLIAN, Circuit Judges.

---

## PER CURIAM.

Appellant Robert E. Hampton brought this negligence action against The Kroger Company (Kroger), alleging that he suffered multiple injuries from two falls occurring fourteen months apart in different Kroger stores. Hampton appeals from a judgment of the district court[1] dismissing his action after the jury returned a verdict in Kroger's favor.[2] On appeal Hampton contends that the district court erroneously excluded evidence of a subsequent accident allegedly similar to Hampton's first fall. Hampton also contends that the district court erred in excluding his expert witness from the courtroom during the parties' opening statements.[3] We reject these contentions. Accordingly, we affirm the district court judgment.

Hampton alleged that, as a result of Kroger's negligence in allowing refuse and liquids to accumulate on stockroom floors, he fell twice and suffered injuries while making deliveries of Coca-Cola products for his employer. The first alleged fall occurred on March 15, 1976 at a Kroger store in Little Rock, Arkansas. The second alleged fall occurred on May 5, 1977 at a Kroger store in North Little Rock, Arkansas.

█ As part of his case in chief Hampton sought to introduce the testimony of Ronnie Weeks, a fellow employee of Hampton's at Coca-Cola. Hampton made an offer of proof that Weeks would testify to falling behind the garbage crusher in Kroger's North Little Rock store nine months after Hampton's fall in Kroger's Little Rock store. Hampton contended that the similarity of these two falls evidenced Kroger's negligence. The district court explicitly rejected Hampton's claim that the accidents were sufficiently similar in time, place or circumstances to be probative of Kroger's negligence and therefore excluded Weeks' testimony. We have carefully reviewed the record and conclude that the district court acted well within its discretion in excluding the proffered testimony. Our review of the record further persuades us that, even if Weeks' testimony were relevant to this case, its exclusion did not prejudice Hampton.

█ Hampton also argues that the district court erred in preventing his expert witness from observing the parties' opening statements. At the outset of the trial, Hampton's counsel moved to exclude all witnesses save his expert, who had not yet arrived.[4] The district court had all the witnesses removed except two defense witnesses whose presence was alleged to be essential. The court reserved its decision on Hampton's expert witness. The expert witness apparently arrived during the course of the opening statements but was not allowed into the courtroom. After the statements had been made, the district court determined that the expert witness need not be excluded. He was present in the courtroom throughout the remainder of the trial and heard all the evidence. Under these circumstances, we find neither error nor prejudice in the district court's actions.

Affirmed.

---

1. The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas, presiding. Jurisdiction was based on diversity of citizenship.

2. The district court subsequently denied Hampton's motion for a new trial.

3. Hampton further contends that the district court erred in permitting one representative from each Kroger store implicated in the suit to remain in the courtroom following Hampton's motion to exclude them, even though Kroger called each witness at trial. This contention lacks merit. *See* Fed.R.Evid. 615, quoted at note 4 *infra*.

4. Fed.R.Evid. 615 provides:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.