**Max THOMAS and Lisa Thomas,
Appellants,**

v.

**CHRYSLER CORPORATION, Appellee.**

No. 82–2392.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1983.

Decided Oct. 3, 1983.

As Amended Oct. 26, 1983.

Nicholas H. Patton, Young, Patton & Folsom, Texarkana, Ark., for appellants.

Davis, Cox & Wright, Fayetteville, Ark., for appellee, Chrysler Corp.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and DUMBAULD,* Senior District Judge.

PER CURIAM.

In this diversity action Max Thomas and his wife Lisa Thomas appeal from a judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict in favor of Chrysler Corporation. The sole issue on appeal in this products liability case is whether the trial court erred in excluding evidence of allegedly similar accidents. We affirm.

In August 1979, Max Thomas bought a used 1977 Dodge van manufactured by appellee Chrysler Corporation. In October 1980, Thomas was driving the van on a state highway in Arkansas. As the van entered a sharp curve to the right, the door on the driver's side of the van opened and struck an oncoming automobile. The van eventually struck a tree and Thomas was thrown from the van. As a result of the accident, Thomas is a quadriplegic.

Appellants sued Chrysler on a strict liability theory, alleging that the design of the van door assembly system was defective and unreasonably dangerous. At trial appellants presented Charles Strother as an expert witness. Based on his inspection and comparison of the Dodge van door assembly system with other van door assembly systems, Strother believed that the Dodge van door retention system was defectively designed and unreasonably dangerous. According to Strother, the design of the door latching mechanism created a false impression because a door that was only partially closed could appear to be fully closed. In addition, Strother noted that the 1977 Dodge van did not have a mechanical warning system, such as a buzzer or light, to warn of a partially closed door. Appellants' theory was that the accident occurred because the van door was only partially closed, that appellant was unaware of the condition, and that as a result of centrifugal force and appellant's arm resting on the door, the door opened as the van entered the sharp curve. Strother stated that he was aware of two other accidents involving Chrysler van doors that had opened. Photographic evidence of the doors of these two vans and of other Dodge vans were admitted into evidence.

James Schultz testified as an expert witness on behalf of Chrysler. Schultz believed that the design of the van door assembly was not defective nor unreasonably dangerous. Schultz further testified that a partially closed door would be an open and obvious danger because of the presence of such signs as wind noise, door sag, and door noise. According to Schultz, the accident occurred because appellant opened the van door in an attempt to reclose a partially closed door and in doing so lost control of the van.

At the close of Chrysler's case, appellants sought to introduce the testimony of two owners of Dodge vans who would have testified that their van doors opened while the vans were in motion. The trial court excluded the testimony on the ground of relevancy.

"In ruling on the admissibility of evidence, the trial court has a wide area of discretion.... The trial judge is in a position to weigh the exigencies of a particular case, and his discretion when expressed

---

* The Honorable Edward Dumbauld, United States Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

within the proper limits will not be disturbed." *Simpson v. Norwesco, Inc.,* 583 F.2d 1007, 1013 (8th Cir.1978) (citations omitted). Evidence of prior accidents may be relevant to demonstrate, amongst other things, the existence of a defect, notice to a defendant, or causation. *Ramos v. Liberty Mutual Insurance Co.,* 615 F.2d 334, 338–39 (5th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 921, 66 L.Ed.2d 840 (1981). However, the accidents must be "sufficiently similar in time, place or circumstances to be probative." *Hampton v. Kroger Co.,* 618 F.2d 498, 499 (8th Cir.1980) (per curiam). Chrysler argues that appellants' offer of proof does not demonstrate sufficient similarity of the conditions of the vans or the circumstances of the accidents. We agree and therefore find the trial court did not abuse its discretion in excluding the evidence.[2]

Accordingly, the judgment is affirmed.

**2.** Appellants argue on appeal that the evidence should have been admitted as rebuttal evidence to refute Chrysler's expert testimony that a partially closed door would be an open and obvious danger. According to appellants' brief and oral argument, the two witnesses would have testified that they were not aware that their van doors were only partially closed. It is unclear from the trial transcript whether appellants presented this issue to the trial court. In any event, testimony of the two witnesses' personal perceptions would not be relevant to establish that appellant was operating the van with reasonable care. *See Anderson v. Malloy,* 700 F.2d 1208, 1211 (8th Cir.1983).