Veral N. FREY, Plaintiff,

v.

CHRYSLER CORPORATION, Defendant.

Civ. A. No. 65-1081.

United States District Court
W. D. Pennsylvania.

Sept. 13, 1966.

Alan A. Garfinkel, Pittsburgh, Pa., for plaintiff.

V. C. Short, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is here on objections by the defendant to interrogatories of the plaintiff.

The plaintiff brings this action against Chrysler Corporation for breach of warranty and negligence in the construction and assembly of an automobile. The plaintiff alleges that he suffered injuries when the accelerator in a new 1965 Chrysler Imperial, purchased two days previously, stuck as he was descending a hilly portion of Negley Avenue in Pittsburgh, Pennsylvania.

The defendant objects to Interrogatories Nos. 10 and 11 which ask whether the type of throttle-linkage assembly used in the 1965 Chrysler Imperial was used on other models and types of automobiles manufactured by the defendant, and if so, the name of each model and type on which used and the period of time when used.

The defendant objects to the questions because they are too broad, with no limit as to year or date of the models and because the use of the word "type" presents issues which are not relevant to the present cause of action. The defendant argues that the same "type" of assembly is

not necessarily an identical assembly and therefore has no relevance to the question of negligence in the installation of the particular assembly used in the 1965 Chrysler Imperial. The plaintiff, in support of its interrogatories Nos. 10 and 11 argues that evidence of similar occurrences or experiences which were known to the defendant would be admissible at the trial to show notice to the defendant and the likelihood of injury (DiFrischia v. N. Y. Central Ry. Co., 307 F.2d 473 (C.A.3, 1962).

■ I agree that, as stated, Interrogatory No. 10 is too broad. While the rules of civil procedure are to be liberally construed, the discovery process must not become the arena for imaginative contests beyond the realm of fact and reason. Federal Rule of Civil Procedure 33, relating to interrogatories, was intended to aid the parties and the court in the orderly disposition of litigation by allowing both parties to obtain a complete examination of all relevant facts involved in the dispute. The use of vague terminology leads to speculation and exploration rather than to revelation of truth and burdens not only the party being interrogated but the Court as well.

While the word "type" is, according to Webster, not as inclusive and vague as, for example, "kind", "sort", or "nature", and allows for marked similarities between the items compared, it is, nevertheless, too vague to aid in the pinpointing of issues in this action. Where the party asks a question as to a particular or specified linkage assembly, the interrogatory is proper. Where, however, the party asks a question about a "type" of linkage assembly, without specifying in what respects similar to or different from a particular linkage assembly, the discovery process might well acquire wings and fly into remote and unconnected areas.

■ Therefore, the plaintiff's Interrogatory No. 10, if interpreted to refer to installation of the same throttle-linkage assembly as was installed in the 1965 Chrysler Imperial, is a proper one, and so limited and defined, the defendant will be required to answer it and the following Interrogatory No. 11.

The defendant also objects to Interrogatories Nos. 21 through 26, which ask whether the defendant has received any reports of complaints concerning the functioning of the accelerator linkage (1) from owners of the type of automobile involved in this action, and (2) from anyone else. Again, the defendant complains that the word "type" is too broad, too general, and too all-inclusive to be relevant; further, that the word "complaint" is very broad and would require the defendant to go through all of its correspondence relating to all of the vehicles manufactured by it to attempt to discover whether any of the correspondence involves a "complaint" that might possibly fall within the range inquired about. The defendant points out that employees of the automobile dealer involved here have already stated under oath that they have no knowledge of any other accident similar to that involved in the present suit.

■ I agree that, as stated, the interrogatories are too broad. However, with the questions limited to written complaints within a specified period of time and limited to complaints of malfunctioning of the accelerator linkage from owners of 1965 Chrysler Imperials or from owners of Chrysler automobiles using the same throttle-linkage assembly, they would be proper interrogatories.

Accordingly, the interrogatories in question, limited as specified above, will be held to be proper, and the defendant's objections thereto overruled, pro tanto.