Clayton Ralph UITTS and Elva Uitts

v.

GENERAL MOTORS CORPORATION.

Civ. A. No. 72–150.

United States District Court,
E. D. Pennsylvania.

Dec. 6, 1972.

Theodore R. Mann, Philadelphia, Pa., for plaintiffs.

George J. Lavin, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

The present case is a products liability action arising out of an automobile accident in which plaintiff, Elva Uitts, was seriously injured. Plaintiffs seek to compel answers to certain interrogatories from defendant, General Motors Corporation. Defendant opposes such discovery.

The accident in the instant case occurred in March, 1970, when a 1970 Chevrolet Blazer, K-10 truck, driven by Elva Uitts, allegedly went out of control without notice or warning and swerved sharply to the left, across the highway and climbed an embankment. Plaintiffs claim that the car went out of control because of a defect in the design, manufacture, testing, inspection or assembly of the vehicle, particularly of the left front spring main leaf. They seek to discover from defendant all information which defendant has concerning similar accidents in vehicles manufactured by defendant with an identical spring. These vehicles are the 1969, 1970, and 1971 Blazers, K-10 and K-20 models. Plaintiffs also seek information from defendants concerning the order for recall of these vehicles for correction of this part.

Plaintiffs claim that the information which they seek concerning the similar prior and subsequent accidents is relevant to their claim and discoverable under Fed.R.Civ.P. 26. Defendant, however, contends that plaintiffs may have discovery only of accidents prior to the incident in this case

and only of those which involved 1970 K-10 Suburban models.

It is well established in Pennsylvania that

". . . evidence of the occurrence of similar accidents is admissible, in the sound discretion of the trial judge, for the purpose of establishing . . . ., (2) their cause, (3) the imputation of notice to the owner of the place where they occurred, and (4) the likelihood of injury."

DiFrischia v. New York Cent. R. R. Co., 307 F.2d 473, 476 (3 Cir. 1962). In the instant case plaintiffs are concerned with showing both cause and notice from the occurrence of the other accidents. The information concerning accidents prior to that involved in this action is clearly relevant. Courts have ordered parties to make available in discovery reports within their control of accidents in similar circumstances. *See* Sturdevant v. Erie-Lackawanna R. R. Co., 50 F.R.D. 3 (W.D.Pa.1970); Hammill v. Hyster Co., 42 F.R.D. 173 (E.D. Wis.1967).

■ Defendant urges that plaintiffs may not have discovery of reports of accidents subsequent to the instant accident. If similar accidents with identical equipment are relevant to the determination of causation, subsequent accidents would appear to be as relevant as prior accidents. While only earlier accidents can be relevant to the issue of notice, causation is an issue affected only by the circumstances and the equipment, and is not related to the date of the occurrence. In Yoffee v. Pa. Power & Light Co., 385 Pa. 520, 123 A.2d 636 (1956) the court permitted the introduction of evidence of a subsequent accident to demonstrate that the installation was one likely to cause injury. The subsequent accidents may be relevant to the present action and, therefore, plaintiffs have a right to discovery.

■ Defendant also claims that plaintiffs' discovery should be limited to the model truck involved in the accident, a 1970 K-10 Suburban, and should not be permitted to have discovery concerning accidents of the other models not involved. Defendant asserts that Prashker v. Beech Aircraft Corp., 258 F.2d 602 (3 Cir. 1958) requires that evidence dealing with models other than the 1970 K-10 be excluded. *Prashker,* however, would appear to cut the other way. In that case plaintiff attempted to get evidence into the record of accidents involving five consecutive aircraft models. The district court ruled that the first model was sufficiently different in characteristics material to the issues of the case to be considered a dissimilar aircraft to the fifth model, and therefore evidence of accidents involving the first model was immaterial. The district court, however, did find that the second through the fifth aircraft, despite changes, were identical for the purposes of the case. In affirming the district court, the Third Circuit Court of Appeals gave no indication that a court should limit evidence to only the exact model involved in the accident. In this case defendant has not presented any claim that the part, left front spring main leaf, which is relevant for the purposes of this case is not identical in the models named by plaintiffs. In Frey v. Chrysler Corp., 41 F.R.D. 174 (W.D.Pa.1966) the court required defendant to answer interrogatories seeking all models in which the identical part in question was used and also reports of complaints received by Chrysler about the specific part in many of these models. Plaintiffs' discovery, therefore, should not be limited to the 1970 K-10.

■ Our decision on this discovery, however, should not be taken as a ruling on admissibility. It must be remembered that Fed.R.Civ.P. 26(b)(1) specifically states that discovery is not objectionable because ". . . the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." At trial

we may determine that the evidence uncovered in discovery is inadmissible because circumstances are not sufficiently similar to render it relevant. *See,* Prashker v. Beech Aircraft Corp., *supra.* At this time, however, the discovery appears proper under Fed.R.Civ.P. 26.

Plaintiffs also desire information concerning the recall of the models in question for repair of the left front spring main leaf. Defendant, however, asserts that such discovery is based on a false premise, i. e. that all such parts in these models were defective. Plaintiffs' interrogatories on the subject of recall are not necessarily based on such a premise. The exhibits submitted by plaintiffs clearly indicate that the recall campaign was concerned with failures of the part in question which would have the effect alleged in this action. It would appear that plaintiffs, in seeking information concerning the recall campaign, are after information "reasonably calculated to lead to the discovery of admissible evidence," as required by Fed. R.Civ.P. 26.