**Dante R. MORRISON, et al., Plaintiffs,**

v.

**SYNTEX LABORATORIES, INC., Defendant.**

**Civ. A. No. 82–2100.**

United States District Court, District of Columbia.

June 4, 1984.

Herbert L. Fenster, Raymond B. Biagini, David I. Bookspan, McKenna, Conner & Cuneo, Washington, D.C., for plaintiffs.

David N. Webster, Sally A. Regal, Nussbaum, Owen & Webster, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

ARTHUR L. BURNETT, United States Magistrate.

Before the Magistrate is plaintiffs' motion for clarification of the Magistrate's May 7, 1984 Order with respect to whether Syntex Laboratories, Inc. should be required to produce to counsel for the plaintiffs in this case documents concerning Syntex's follow-up of other infants in connection with their use of the Neo-Mull-Soy formula. Specifically, plaintiffs contend that such documents are to be produced under paragraph number 1 of the Magistrate's May 7, 1984 Order which requires production of "all investigative reports and documents prepared after August 1, 1979 concerning pre-August 1, 1979 events and conduct that were prepared independent of any anticipation of litigation concerning Neo-Mull-Soy...." Plaintiffs have referred to this follow-up of other infants as being relevant to the issue of "causation" and have argued that the collations and analyses of information about other infants may somehow be statistically and medically relevant to establish a cause and effect relationship between the consumption of Neo-Mull-Soy and the effects of mental retardation, learning disabilities and other related deficiencies similar to those suffered by the plaintiff Dante R. Morrison.

In considering whether to permit this line of inquiry and the relevancy thereof, the Magistrate has been concerned about whether such evidence would be admissible at trial and whether the dangers of prejudice and jury confusion would outweigh any probative value the case histories of other infants might have, as genetic and environmental factors may also be quite significant in determining causation as to each infant who may have ingested Neo-Mull-Soy, and rather than trying one case, the court and jury may, in reality, be confronted with many cases in which the question of causation would be strongly contested. Cf. *Koller, et al. v. Richardson-Merrill, Inc.,* D.C.Cir., 737 F.2d 1038 at 1047, decided May 29, 1984. See also *Uitts v. General Motors Corporation,* 16 Fed.R.Serv.2d 1525 (E.D.Pa.1972), where discovery was permitted as to similar automobile accidents, but where the court later, however, refused to admit this evidence at trial. *Uitts v. General Motors Corporation,* 411 F.Supp. 1380, 1383 (E.D. Pa.1974), affirmed without opinion, 513 F.2d 626 (3d Cir.1975). Further, this Magistrate has been concerned whether permitting this line and scope of discovery would lead to discovery abuse and an exorbitant expenditure of time and money to develop evidence of little or no probative value, especially when we consider that the trial date is only a little more than two (2) months away, i.e., August 13, 1984.

There is an intimation in certain cases that in some situations, case histories of other individuals may have some potential relevancy, Cf. *Wetherill v. University of Chicago,* 565 F.Supp. 1553 (N.D.Ill.1983), but, in my view, a judge or magistrate has a duty to exercise sound judicial discretion, to determine whether in the context of the facts of a particular case, a line of discovery is likely to be fruitful with reference to the real issues in the case. While in *Wetherill, supra,* there was a representation that an Eli Lilly's 1972 A-form had contained a statement which said a "statistically significant association has been reported between material ingestion of DES during pregnancy and the occurrence of vaginal carcinoma in the offspring", there has been no substantial showing, or proffer, thus far in this case of any likely statistically significant association of the ingestion of Neo-Mull-Soy and the suffering of the disabilities of the type experienced by Dante R. Morrison.

At the hearing before the Magistrate on May 31, 1984 counsel for the defendant represented that the information conveyed to him indicated that between March 1978 and August 1, 1979 approximately 20,000 infants had consumed Neo-Mull-Soy and that the so-called collations or reports to the Center for Disease Control and the Food and Drug Administration by Syntex Laboratories involved approximately 230 infants, a group so small that it was not statistically significant on the issue of causation. Counsel for the defendant argued that generally five (5) percent of the population suffer some learning disabilities due to genetic and environmental factors and thus the 230 number could not conceivably establish a cause and effect relationship between the consumption of Neo-Mull-Soy and mental retardation or learning disabilities or other defects of the type experienced by Dante R. Morrison.

Counsel for the plaintiffs responded that he should not be restricted to defendant's counsel's representations of no statistically significant relationship as counsel is not an expert in this area and he is entitled to discovery, not only as to what may be admissible evidence, but to information which might reasonably lead to the discovery of admissible evidence. It is significant to observe that Rule 26(b)(1), F.R. Civ.P., does provide, *inter alia,* that it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Thus, counsel for the plaintiff argued he should be able to present to his experts the collations of information concerning the follow-up of other infants so that his experts can determine whether there is or is not a statistically significant relationship. He has further represented that he is willing to respect the privacy of the other infants and thus codes

may be used for their identities instead of their true names.

The question of whether this line of discovery should be allowed is a close one. Upon weighing the arguments on both sides of the issue and in striking a balance as to a reasonable scope of discovery, the Magistrate has concluded that Syntex Laboratories, Inc. should be required to produce such documents and records as it may have furnished to the Center for Disease Control and to the Food and Drug Administration concerning follow-up reports on other infants. The Magistrate will limit this discovery to those other infants who allegedly consumed Neo-Mull-Soy during the period of March 1978 to August 1, 1979, and will require that their identities be coded to protect their privacy. Since these were reports to government agencies, the Magistrate will accept their *prima facie* reliability and trustworthiness. Thus it is not necessary, nor will the Magistrate require, the production of the underlying documents and records on which the reports were based. The Magistrate agrees with counsel for the defendant that the production of the supporting documentation would be both burdensome and unmanageable, and that not only would the documents be voluminous, but it also reasonably appears that the deletion of names and addresses of the infants to protect their privacy would be a time consuming undertaking. Further, the requirement to produce the supporting documentation would unjustifiably interfere with defendant's counsel's time and ability to prepare for the trial on August 13, 1984.

In requiring this production, the Magistrate intimates no view on the admissibility of such evidence at trial, an issue to be resolved by the trial judge. It is noted that in *Koller, supra*, 737 F.2d at p. 1047, there is a reference to the trial court, the same judge to whom this case is assigned, entering a pretrial ruling that, of the many drug experience reports (DERs) filed with the Food and Drug Administration concerning the alleged link between Bendectin and birth defects, plaintiff could introduce five, each of which must have been initiated less than one year after the birth of the deformed child. However, it appears the court concluded this evidence was admissible primarily as bearing on the issue of notice. The court's limitation that plaintiffs could not refer to any language in the DERs containing accusations or allegations of fault involving the defendant there or the drug Benedictin would appear to preclude the jury considering this evidence as bearing on the issue of causation.

In the context of the facts of the instant case, on balance the Magistrate has concluded that it is better to err on the side of requiring this limited discovery so that the plaintiffs will have the opportunity to establish a statistically significant relationship, if they can, than to preclude this discovery with the result that a future jury verdict may be upset on appeal.

For the foregoing reason, it is now hereby this 4th day of June, 1984,

ORDERED that the defendant Syntex Laboratories, Inc. is required to produce copies of all reports it made to the Center for Disease Control and to the Food and Drug Administration concerning its follow-up of other infants, with their identities coded, in connection with their use of Neo-Mull-Soy in the period of March 1978 to August 1, 1984, this to be done within 20 days of this Memorandum Opinion and Order.