Matthew **LOHR**, Plaintiff,

v.

**STANLEY–BOSTITCH, INC.**, Defendant.

No. 1:90cv 132.

United States District Court,
W.D. Michigan, S.D.

March 7, 1991.

Gary A. Maximiuk of Wheeler, Upham, Bryant & Uhl, P.C., Grand Rapids, Mich., for plaintiff.

John A. Cothorn of Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C., Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

JOSEPH G. SCOVILLE, United States Magistrate Judge.

This is a diversity action arising under the laws of the State of Michigan. Plaintiff's claim arises from an industrial accident that occurred on March 15, 1989, while plaintiff was employed in the furniture industry. On that date, plaintiff was using a pneumatic stapler designed, manufactured, and owned by defendant. The stapler, which was on loan from defendant to plaintiff's employer, accidentally discharged a staple, which ricocheted and injured plaintiff's right eye. Plaintiff principally brings

a products liability claim for defective design and a negligence claim arising from defendant's alleged lack of care in providing an inappropriate and dangerous tool for plaintiff's particular work place.

This matter is presently before the court on plaintiff's motion to compel discovery (docket # 37). The motion involves four requests for production of documents dated January 12, 1990; four requests for production of documents dated December 7, 1990; and three interrogatories dated December 7, 1990. Each of these discovery requests seeks, in one form or another, information concerning incidents or claims involving other products manufactured by defendant. Defendant has objected to these discovery requests, asserting that the requests are overly broad and do not fall within the scope of allowable discovery set forth in Fed.R.Civ.P. 26 (a copy of the disputed discovery requests and defendant's objections is attached to plaintiff's motion to compel). Defendant has not objected to production of information concerning the particular stapler at issue in this case, but does object to production of information concerning other of its products.

The parties have filed briefs in support of their respective positions. On March 1, 1991, the court conducted a hearing on plaintiff's motion. During the course of the hearing, defense counsel requested that the court review the deposition of plaintiff's expert, Vaughn P. Adams, Jr., to determine the nature of plaintiff's claims in this case. The parties have now provided a copy of that deposition transcript to the court, and defense counsel has provided a short, telefaxed letter dated March 4 commenting on the deposition. The court has reviewed the Adams deposition, the letter of defense counsel, and the deposition of defendant's employee Thomas Penning. On the basis of the written submission of the parties and the materials reviewed by the court, plaintiff's motion will be granted in part and denied in part.

### Facts

For present purposes, the relevant facts are as follows. Plaintiff's employer, Hansen Manufacturing, Inc., is engaged in the business of furniture manufacturing. As part of Hansen's operations, its employees are required to use various power tools. One of the tools used by Hansen's employees is a pneumatic stapler designed and manufactured by defendant Stanley–Bostitch, Inc. Under the arrangement between Hansen and defendant, the tool itself was actually owned by defendant. Mr. Penning testified that a common practice in the industry is for manufacturers such as Stanley–Bostitch to loan a tool to companies such as Hansen, with ownership of the tool remaining with Stanley–Bostitch. This particular stapler was provided by defendant to Hansen on June 22, 1988, approximately nine months before plaintiff's accident. Implicit in the arrangement between Hansen and defendant was the ability of defendant to remove the tool from Hansen's premises if defendant's employees were aware that the tool was being used in an unsafe manner (Penning Dep. at 8–9, 22).

The pneumatic stapler used by plaintiff was of the "contact-trip" variety. Operation of the stapler requires pulling of the trigger mechanism and touching the tool's contact tip against a surface. When these two events occur, a staple is discharged at a high velocity. Another type of stapler is of the "sequential-trip" design. To discharge a staple from a sequential-trip tool, the operator puts the contact tip against the work, then pulls the trigger. A staple is discharged and then the entire system must be activated again in order to discharge another staple (Penning Dep. at 25). On the date of the accident, plaintiff was operating defendant's stapler, which was of the contact-trip design. He was putting the tool down with the trigger depressed. The contact tip apparently touched the work bench, and a staple discharged. The staple ricocheted and struck plaintiff in the right eye. Plaintiff was not wearing safety glasses.

From review of the deposition of Dr. Adams, plaintiff's expert, I surmise three principal theories of liability. First, Dr. Adams believes that the contact-trip stapler

was inappropriate for Hansen Manufacturing's operation. He testified that Hansen's operation left sufficient time for the safer sequential-trip tool to be used. Dr. Adams did not take the position that all contact-trip staplers are defective. He merely testified that "for this application, the gun was defective without a sequential trip." (Adams Dep. at 7). Second, Dr. Adams seemed to indicate that the balance of the tool caused it to rotate forward, forcing the operator's finger against an unguarded trigger. Because of the imbalance of the tool, Dr. Adams believes that the tool should have had an outside shroud or trigger guard to prevent inadvertent trigger contact with the operator's finger as the tool rotated forward. *Id.* at 9–10. Finally, Dr. Adams testified that, if a contact-trip tool is used, it could be made safer by a dual activation trigger. That is, the risk of inadvertent firing can be reduced by the presence of a thumb release or other device that must be activated, in addition to pulling of the trigger, before a staple will discharge. *Id.* at 14–15.

I have evaluated the present discovery dispute in light of plaintiff's specific claims of defect and negligence, as set forth in Dr. Vaughn's deposition.

### Discussion

Plaintiff's motion is governed by the broad discovery standard set forth in Rule 26(b), which allows discovery of any matter, not privileged, "which is relevant to the subject matter involved in the pending action." The rule provides that the information sought need not be admissible at trial, so long as it "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

■ Under the standard established in Rule 26, information is discoverable either if it is itself admissible evidence or if it is reasonably calculated to lead to admissible evidence. In the present context, the issue is whether information concerning accidents and claims involving other products of the defendant will either be admissible at trial or will be likely to lead to admissible evidence. On the issue of admissibility,

it is now well settled that evidence of similar accidents is admissible to prove the existence of a particular defect, to prove causation, or to prove defendant's knowledge of the danger. *See Koloda v. General Motors Parts Division,* 716 F.2d 373, 375–76 (6th Cir.1983). Evidence of similar accidents is admissible so long as the conditions in effect during the past incidents are "substantially similar" to those at the time of the incident in question and the two events arise from the same cause. *Id.* at 376; *see Pettyjohn v. Kalamazoo Center Corp.,* 868 F.2d 879, 881 (6th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 144, 107 L.Ed.2d 103 (1989) (applying Michigan law).

■ At the present stage of litigation, however, admissibility is not the sole criterion. In order to be entitled to discovery concerning other incidents, plaintiff need not lay the same foundation concerning substantial similarity as would be necessary to support admission into evidence. *See Uitts v. General Motors Corp.,* 58 F.R.D. 450, 452–53 (E.D.Pa.1972). For discovery purposes, the court need only find that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences. *Id.; see Peterson v. Auto Wash Mfg. & Supp. Co.,* 676 F.2d 949, 953 (8th Cir.1982); *Kramer v. Boeing Co.,* 126 F.R.D. 690, 692–95 (D.Minn.1989).

■ Applying these principles to the present case, the court concludes that plaintiff is entitled to discovery concerning accidents involving not only the stapler used by plaintiff but also other products that exhibit the features that plaintiff claims caused or contributed to his injury. Under this analysis, plaintiff's document requests dated January 12, 1990, are clearly objectionable. They seek information for all previous accidents involving facial injuries or personal injuries of any kind caused by defendant's products, without regard to the particular product involved. Such evidence would not be admissible, nor is it likely to lead to admissible evidence. The only reason that evidence of other acci-

dents is admissible at all is that the substantial similarity between the other incidents and the one in question supports a reasonable inference of the existence of a dangerous condition. *See Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1268–69 (7th Cir.1988). "As the circumstances and conditions of the other accidents become less similar to the accident under consideration, the probative force of such evidence decreases." *Id.* at 1269. Evidence of accidents involving completely dissimilar products, therefore, would not be admissible at trial, and its production and discovery would be abusive.

The same cannot be said concerning plaintiff's discovery requests dated December 7, 1990. These requests are all directed toward other incidents involving the use of defendant's contact-trip pneumatic tools. In the present case, plaintiff's expert claims that defendant was negligent in providing a contact-trip pneumatic tool in the particular circumstances found in Hansen's plant. Plaintiff's expert also contends that, if a contact-trip tool were used, it should have had a dual activation trigger. These claims are broad enough to support discovery into other accidents involving defendant's air-powered tools that discharge projectiles by the contact-trip method.

Evidence of incidents involving this narrow range of products can reasonably be expected to lead to admissible evidence. Previous incidents might show notice of a danger posed by contact-trip tools in the circumstances prevailing at Hansen Manufacturing at the time of the accident. Or, such evidence may disclose knowledge of a danger in contact-trip tools that could have been remedied by the dual-activation trigger suggested by Dr. Adams.

In response to plaintiff's arguments, defendant raises a distinction that does not bear analysis. Defendant points out that Dr. Adams has not opined that contact-trip devices should never be used. Defendant argues that the existence of such a claim might justify the discovery sought, but that the absence of such a claim negates the discoverability of such information. Plaintiff's expert, however, presents a theory that is almost as broad as the one posited by defense counsel. Plaintiff's expert testified that the risk of inadvertent discharge from contact-trip tools would be reduced by the existence of a dual-activation trigger. Stated another way, the expert's testimony is that contact-trip tools are unreasonably dangerous and therefore are defective unless they have dual-activation triggers.

It may be that examination of the records concerning other incidents involving defendant's contact-trip tools will reveal that the circumstances surrounding the incidents are so dissimilar to the present incident as to preclude admission of information concerning the other accidents into evidence. Admissibility into evidence, however, is not the issue at this stage of the proceedings. The only issue is whether information concerning such incidents appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R. Civ.P. 26(b)(1). Although the previous incidents may not involve the same product, as long as they involve contact-trip devices, the products are similar enough for discovery purposes. *See Kramer v. Boeing Co.*, 126 F.R.D. 690, 693 (D.Minn.1989).[1]

Finally, defendant argues that any production of documents should be limited to the period preceding 1984, the date of the manufacture of this particular tool. Defendant's argument is not meritorious in the context of the present case. Because of the unusual business relationship between defendant and Hansen Manufacturing, under which defendant allegedly owned the tool and monitored its use up to the day of the accident, defendant's knowledge up to and including the date of the accident is relevant to plaintiff's negligence theory. This contrasts with the more typi-

---

1. If Dr. Adams's second theory of liability—imbalance of the tool causing unintended contact with the trigger—were plaintiff's only theory, discovery could be rationally limited to contact-trip tools that displayed the same or similar imbalance. That is not plaintiff's only theory, however, and his remaining two theories are broad enough to reasonably include all of defendant's contact-trip pneumatic devices.

cal products-liability case, in which the manufacturer's knowledge is only relevant up to the date of sale. Furthermore, even aside from the unique facts of this case, similar incidents may be relevant to the issue of the existence of a defect even if they occurred after the sale of the product in question. *See, e.g., Exum v. General Electric Co.,* 819 F.2d 1158, 1162–63 (D.C. Cir.1987) (evidence of subsequent accident admissible to show dangerousness even though it could not be used to prove notice, since it occurred after the date of plaintiff's accident); *Uitts v. General Motors Corp.,* 58 F.R.D. at 453 (evidence of subsequent accident discoverable on issue of dangerousness). Therefore, the time limitation suggested by defendant is not tenable.

For the reasons set forth above, the court orders as follows:

A. Plaintiff's motion to compel production of documents requested in items 3, 4, 10, and 11 of plaintiff's requests dated January 12, 1990, is hereby DENIED.

B. Plaintiff's motion to compel production of documents requested in items 1, 2, 3, and 4 of its request for production of documents dated December 7, 1990, and his motion to compel answers to interrogatory nos. 1, 2 and 3 dated December 7, 1990, is GRANTED. Within 21 days hereof, defendant shall produce all information and documents within defendant's possession, custody, or control responsive to the foregoing discovery requests so long as the accidents, injuries, claims, or lawsuits involved a pneumatic tool that discharged staples or other projectiles by the contact-trip method.

DONE AND ORDERED.