**Rodger BRINEY and Viola Briney, Plaintiffs,**

v.

**DEERE & COMPANY, Defendant.**

No. 4–91–CV–10512.

United States District Court,
S.D. Iowa, C.D.

July 7, 1993.

---

G. Stephen Walters of Jordan, Oliver & Walters, Winterset, IA, for plaintiffs.

Richard J. Sapp of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, IA, for defendant.

## ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' MOTION TO COMPEL

BENNETT, United States Magistrate Judge.

This is a products liability lawsuit in which Rodger Briney alleges he was seriously injured when he "by-pass started" a 1970 John Deere 4020 diesel tractor, with a power shift transmission, by making an electrical contact with a screwdriver between two solenoid electrical terminals. Briney alleges that the tractor suddenly jumped forward and ran over him causing severe personal injuries. This eleventh hour discovery dispute raises the troublesome and nettlesome question of whether Deere & Company adequately responded to Brineys' interrogatory requesting evidence of similar accidents.

## I. *INTRODUCTION AND FACTUAL BACKGROUND.*

This matter comes before the court[1] pursuant to Plaintiffs' Motion to Compel, to Exceed 30 Interrogatories and to File Brief Exceeding 15 Pages (# 39) and brief in support thereof filed June 21, 1993; and Defendants' Resistance to Plaintiffs' Motion to Compel (# 44) filed June 24, 1993.

Brineys' Motion to Compel focuses on Deere & Company's response to Interrogatory No. 9. This Interrogatory was served on March 16, 1993 and responded to by Deere & Company on May 11, 1993. Interrogatory No. 9 and Deere & Company's response state:

1. Chief Magistrate Judge Celeste F. Bremer was conducting the pretrial matters in this litigation. However, on July 1, 1993, she recused herself, pursuant to 28 U.S.C. § 455(a), due to her prior

*INTERROGATORY NO. 9.*

On pages 38 through 47 of his deposition, Deere & Company engineer, Donald K. Pfundstein, explains that in response to an unacceptably high level of by-pass starting activity and by-pass starting accident rate on its tractors, Deere & Company formed a task force to discourage by-pass starting in approximately 1988, and that this task force put together a campaign to discourage by-pass starting which involved putting decals and starter solenoid covers, at the expense of Deere & Company, on almost all Deere & Company tractors manufactured since 1960, with the campaign starting in approximately June of 1989. Marked Exhibits A & B respectively, attached hereto and incorporated herein by this reference, are lists of alleged by-pass starting accidents involving Deere & Company equipment supplied to the plaintiffs' lawyers in the present action by others, which may or may not contain reliable information.

Please provide the following information with regard to each by-pass starting accident, of which Deere & Company has information, involving a Deere & Company tractor:

a. The day, month and year of the accident;

b. The model of John Deere tractor involved;

c. The type of transmission on the tractor;

d. Whether or not the tractor was equipped with a starter solenoid cover;

e. The name of the injured party;

f. A brief description of the injuries to the parties;

g. The current address and telephone number of the party, or the address and telephone number at the time of injury if the party is deceased;

h. Whether or not it was claimed that the tractor speed selector lever was in park at the time that it was by-pass started,

employment with Deere & Company. On the same date, this matter was reassigned to the undersigned.

and the name of the individual making the claim;

i. Whether or not it was claimed that the tractor speed selector lever was in neutral at the time that it was by-pass started, and the name of the individual making the claim; and

j. If Deere & Company paid an amount to the injured party, or parties, as a result of a court judgment, or a settlement, please state the amount paid by Deere & Company, and whether it was the result of a court judgment, or a settlement.

ANSWER: This interrogatory is objected to as repetitive of Plaintiff's previous document request for a listing of other accidents, which was provided by Deere & Company on January 13, 1993. Deere incorporates its objections and responses as listed therein, and in addition, adds to that list Dean Yoder, Cambridge, Illinois, as a person who has apparently claimed that a "spontaneous shift" as described occurred at the time of his accident.

This matter is presently set for trial by jury before the Honorable R.E. Longstaff commencing on July 12, 1993. Pursuant to a scheduling order entered by Judge Bremer, discovery in this litigation was to have closed on April 15, 1993. On March 16, 1993, Plaintiffs served an extensive document request (47 separate paragraphs of document requests) and 19 interrogatories (including Interrogatory No. 9 which is the subject of this motion to compel), several with as many as 10 subparts, far in excess of the 30 interrogatory limit (including subparts) contained in Local Rule 15(c)(2).[2]

Brineys' Interrogatory No. 9 was preceded by a request for production of documents in which Deere & Company responded in January, 1993 by listing 11 individuals who were allegedly involved in accidents on a Model 4020 Deere tractor involving by-pass starting where the Plaintiffs claimed the transmission was in "park" or "neutral." Counsel for the Brineys indicated he did not immediately move to compel after receiving the May 11, 1993 answer to Interrogatory No. 9 because Deere & Company's response to a document request remained outstanding and he was optimistic that the response would satisfy his need for the information sought in Interrogatory No. 9. Due to the extremely comprehensive and numerous documents sought by the Brineys in that request for production of documents, Deere & Company did not respond until June 7, 1993. Due to a trial and other commitments, Brineys' counsel did not file the motion to compel until June 21, 1993.

Regardless of the outcome of this pending discovery dispute, Deere & Company has moved in limine to exclude evidence of other accidents involving John Deere tractors. That motion is pending before Judge Longstaff.

A hearing on Plaintiffs' motion to compel was held earlier today, July 7, 1993. G. Stephen Walters of Jordan, Oliver & Walters, Winterset, Iowa appeared on behalf of the Plaintiffs. Richard J. Sapp of Nyemaster, Goode, McLaughlin, Voigts, West, Hansell & O'Brien, P.C., Des Moines, Iowa appeared on behalf of the Defendant.

It is important to remember that while Brineys' pending motion to compel is clearly a discovery motion, because the trial starts in just a few days, the admissibility of evidence of similar accidents in products liability litigation—an issue for Judge Longstaff to resolve—is interrelated with this discovery dispute. The following section discusses both the *admissibility* and the *discoverability* of evidence of similar accidents in products liability litigation.

## II. *EVIDENCE OF SIMILAR ACCIDENTS IN PRODUCTS LIABILITY LITIGATION.*

### A. *Admissibility at Trial*

The test for the admissibility of evidence of prior accident is succinctly stated in *Hicks v.*

---

**2.** Local Rule 15(c)(2) states:

No party may serve more than a total of thirty (30) interrogatories upon any other party unless permitted to do so by the court upon motion, notice and showing of good cause. Such motions shall be in writing setting forth the proposed additional interrogatories and the reasons establishing good cause for their use. In computing the total number of interrogatories, each subdivision of separate questions shall be counted as an interrogatory.

*Six Flags Over Mid–America,* 821 F.2d 1311, 1315–16 (8th Cir.1987), where the court held:

> Evidence of prior accidents is inadmissible unless the proponent shows that the accident was sufficiently similar in time, place or circumstances to that in the case at bar. *Hale v. Firestone Tire & Rubber Co.,* 756 F.2d 1322, 1332 (8th Cir.1985); *Hampton v. Kroger Co.,* 618 F.2d 498, 499 (8th Cir. 1980) (per curiam). This rule may apply to evidence introduced for the purpose of showing defendant's notice of a dangerous condition. *See McKinnon v. Skil Corp.,* 638 F.2d 270, 277 (1st Cir.1981). Even when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the district judge, who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues, against the factors favoring admis-

sibility. *Id.* In addition, this court will not disturb the evidentiary rulings of the district court absent a showing of prejudice. *Grebin v. Sioux Falls Independent School District No. 49–5,* 779 F.2d 18, 20 (8th Cir.1985).

*Hicks,* 821 F.2d at 1315–16.[3] In *Hale,* the court held that evidence of prior accidents was admissible only upon a showing "that the accidents occurred under circumstances substantially similar to those at issue in the case at bar." *Hale,* 756 F.2d at 1332; *see also Lockley v. Deere & Co.,* 933 F.2d 1378, 1386 (8th Cir.1991) ("In our opinion, the evidence [of substantially similar accidents] was relevant to show both the existence of the alleged defective design and causation.") The "substantial similarity" test for the admissibility of prior accidents is clearly the prevailing view in the circuits. *See e.g., McKinnon*

---

**3.** Iowa law on this issue appears to be consistent with *Hicks.* In *Sandry v. John Deere Co.,* 452 N.W.2d 616, 618 (Iowa Ct.App.1989) the court stated:

> Evidence of other accidents is admissible in a strict liability action on a showing the other accidents were substantially similar to the one being tried. *Eickelberg v. Deere & Co.,* 276 N.W.2d 442, 445 (Iowa 1979). It is within the trial court's sound judicial discretion to determine whether the other accidents are substantially similar. *Id.*
>
> The question before the trial court is one of relevancy; is the evidence relevant and does its probative value outweigh the danger of unfair prejudice. *Id.;* Iowa R.Evid. 402, 403. The probative value is measured by the likelihood the same condition caused the accident in the instant litigation. *Cook v. State,* 431 N.W.2d 800, 803 (Iowa 1988). *See also Cook v. State,* 431 N.W.2d 800, 803–04 (Iowa 1988).

The Iowa Court of Appeals in *Rattenborg v. Montgomery Elevator Co.,* 438 N.W.2d 602, 606 (Iowa Ct.App.1989), also stated:

> Evidence of subsequent accidents may be considered pertinent in determining whether or not the product was hazardous. *See Ginnis v. Mapes Hotel Corporation,* 86 Nev. 408, 470 P.2d 135, 139 (1970). The requirement of substantial similarity between the other accidents and the one at issue has been characterized as a matter of relevance to be decided in the discretion of the trial judge. *See Montgomery Elevator Co. v. McCullough,* 676 S.W.2d 776, 783 (Kentucky 1984). Exactly identical circumstances cannot be realized and are not required. *See Jones & Laughlin Steel Corp. v. Matherne,* 348 F.2d 394, 400–01 (5th Cir.1965). Where defendant has ample opportunity to show differences by cross-examination or by its

own witnesses, the differences may go to the weight rather than the admissibility of the evidence. *Id.*

> The Iowa court has also recognized the admissibility of evidence of the absence of accidents at the same place or with the same instrumentality under substantially similar circumstances as probative of the absence of danger or lack of knowledge of the danger by the defending party. *See Schuller v. Hy–Vee Food Stores,* 328 N.W.2d 328, 330 (Iowa 1982); *Wiedenfeld v. Chicago & North Western Transportation Co.,* 252 N.W.2d 691, 700 (Iowa 1977); *Nelson v. Langstrom,* 252 Iowa 965, 970, 108 N.W.2d 58, 61 (1961).

Interestingly, both parties rely on a mix of federal law (primarily Eighth Circuit) and state law (Iowa) in addressing the issue raised by Plaintiffs' motion to compel. As a general rule, "in a diversity case in federal court, state law governs substantive issues and the Federal Rules of Evidence govern the admissibility of evidence ...", *Potts v. Benjamin,* 882 F.2d 1320, 1324 (8th Cir.1989). The issue as to whether federal or state law applies to the admissibility of similar accidents is murky because of its relationship to substantive provisions of state products liability law relating to issues such as notice, causation and whether the product was hazardous. This issue is perhaps more academic than it is significant here because neither party has identified or asserted a difference between federal law and Iowa law on this issue (except Deere & Company noted at the hearing earlier today that while Iowa law has adopted the principle that proof of similarity may be more relaxed when the offer is confined to notice, *Cook v. State,* 431 N.W.2d 800, 803 (Iowa 1988), the Eighth Circuit apparently has not spoken on this question.).

*v. Skil Corp.*, 638 F.2d 270, 277 (1st Cir. 1981); *Julander v. Ford Mtr. Co.*, 488 F.2d 839, 846–47 (10th Cir.1973); *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir.1991); *Brooks v. Chrysler Corp.*, 786 F.2d 1191, 1195 (D.C.Cir.1986); *Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 754 (11th Cir.1985); *Johnson v. Ford Mtr. Co.*, 988 F.2d 573, 579 (5th Cir.1993); *Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1185 (7th Cir.1992).

When the sole purpose of the offer of prior accidents is to establish notice of an allegedly dangerous condition, the courts have relaxed the admissibility standard. *See e.g., Cook v. State*, 431 N.W.2d 800, 803 (Iowa 1988) ("We agree that the proof of similarity may be more relaxed when the offer is confined to notice."); *Johnson v. Ford Mtr. Co.*, 988 F.2d 573, 580 (5th Cir.1993) (The "substantial similarity" requirement for admissibility is relaxed when evidence of other accidents is offered solely to show notice, citing *Jackson v. Firestone Tire & Rubber Co.*, 788 F.2d 1070, 1082–83 (5th Cir.1986)). The court in *Johnson* went on to hold that "however, even when it is offered solely to show notice, the proponent of such evidence must establish reasonable similarity." *Johnson*, 988 F.2d at 580.

■ Finally, even when the Plaintiffs bear their burden of proof of establishing substantially similar circumstances, the admissibility of such evidence still lies within the trial court's discretion to exclude such evidence based upon unfair prejudice, confusion or undue expenditure of time in the trial of collateral issues. *See generally, Roth v. Black & Decker, U.S., Inc.*, 737 F.2d 779, 783 (8th Cir.1984).

■ The above discussion concerns the *admissibility* of evidence of similar accidents and is not necessarily dispositive of whether such information is *discoverable*. Deere & Company recognized this important distinction in their Brief in Support of Defendant's Resistance to Plaintiffs' Motion to Compel, p. 2, when they observed "the scope of discoverability may be broader than ultimate admissibility . . . ."

**B. *Discovery of Similar Accidents***

"The test for relevance in the discovery area is an extremely broad one. '[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.' 8 Wright & Miller, *Federal Practice and Procedure*, Civil § 2008 (1970). *See Midland–Ross Corp. v. United Steelworkers of America*, 83 F.R.D. 426 (W.D.Pa.1979); *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 251 (N.D.Ill.1978)." *Am Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (1981).

"No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Dollar v. Long Mfg., N.C., Inc.* 561 F.2d 613, 616 (5th Cir.1977) (citing *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *see Bennett v. La Pere*, 112 F.R.D. 136, 138 (D.R.I.1986).

"Moreover, even if plaintiff's broad request yields some evidence that is not admissible, this does not bar a request that is calculated to lead to production of relevant matter. Fed.R.Civ.P. 26(b)(1); *Federal Practice and Procedure* at § 2008; *see also, Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)." *Fann v. Giant Food, Inc.*, 115 F.R.D. 593 (D.D.C.1987)

Issues of relevancy "are traditionally left to the discretion of the trial court. *E.g., Centurion Indus. Inc. v. Warren Steurer*, 665 F.2d 323, 326 (10th Cir.1981). The test of relevance in the discovery context is a very broad one. *AM Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D.Ill. 1981). More precise evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or *in limine*." *Geophysical Systems Corp., etc. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 647 (C.D.Cal.1987).

In *Lohr v. Stanley–Bostitch, Inc.*, 135 F.R.D. 162, 164 (W.D.Mich.1991), the court specifically recognized the distinction between *admissibility* and *discoverability* in the context of the discovery of similar accidents in products liability litigation when it stated:

> At the present stage of litigation, however, admissibility is not the sole criterion. In order to be entitled to discovery concerning other incidents, plaintiff need not lay the same foundation concerning substantial similarity as would be necessary to support admission into evidence. *See Uitts v. General Motors Corp.*, 58 F.R.D. 450, 452–53 (E.D.Pa.1972). For discovery purposes, the court need only find that the circumstances surrounding the other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences. *Id.; see Peterson v. Auto Wash Mfg. & Supp. Co.*, 676 F.2d 949, 953 (8th Cir.1982); *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692–95 (D.Minn.1989).
>
> Applying these principles to the present case, the court concludes that plaintiff is entitled to discovery concerning accidents involving not only the stapler used by plaintiff but also other products that exhibit the features that plaintiff claims caused or contributed to his injury.

*Lohr*, 135 F.R.D. at 164; *see also Josephs v. Harris Corp.*, 677 F.2d 985, 991 (3rd Cir. 1982) (held reversible error to deny discovery of other persons injured by printing press which allegedly injured plaintiff, as well as nine other models of printing presses—noting the distinction between admissibility and discoverability under Federal Rule of Civil Procedure 26(b)(1).); *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613 (5th Cir.1977) (trial court committed reversible error in denying plaintiff's motion to compel manufacturer to provide information sought by interrogatory concerning any accidents with backhoe or similar model in view of distinction between discoverability and admissibility.)

## III. *ANALYSIS.*

■ The above discussion concerning the legal principles of admissibility and discoverability of evidence of similar accidents in products liability litigation is much more easily stated as general principles than as applied to the specific facts and procedural posture of this litigation. Indeed, the procedural aspects of this litigation significantly complicate the court's ruling on this issue. Discovery was to have closed on April 15, 1993. The trial of this matter is to commence on the third business day from today's hearing on this issue. Furthermore, Deere & Company correctly notes "[t]he unlimited nature and scope of Brineys' request in Interrogatory No. 9...." Defendant's Resistance to Plaintiffs' Motion to Compel, p. 2, ¶ 4. Indeed, Interrogatory No. 9 is unlimited with regard to time frame and model of John Deere tractor.

The Brineys are requesting substantial information on all bypass start accidents for the following machines affected by Deere & Company's bypass start campaign[4]:

    10  Series Utility, Row–Crop and 4WD Tractors
        (except 510, 710 and 1010 Utility)
    20  Series Utility, Row–Crop and 4WD Tractors
    30  Series Utility, Row–Crop and 4WD Tractors
    40  Series Utility, Row–Crop and 4WD Tractors
    50  Series Utility and 4WD Tractors
    55  Series Utility Tractors

Had this motion been filed much earlier in this litigation, and had the court had an opportunity to hold a more extensive hearing on the differences and similarities between Brineys' 4020 tractor and all of the machines

---

4. The phrase "bypass start campaign" refers to Deere & Company's effort to correct the problem of operator by-pass starts styled "Product Improvement Program 88RWBSC."

subject to the bypass start campaign, the Brineys might well be entitled to all they request—at least as a matter of discoverability, not the narrower standard for admissibility. However, in the absence of more detailed information as to the similarities between Brineys' 4020 tractor and the other tractors manufactured by Deere & Company as it relates to Brineys' claims of product defect, and given the procedural posture of Brineys' eleventh hour request, and the fact the trial commences in just three business days, the court orders Deere & Company to supplement its answer to Interrogatory No. 9 by providing a full and complete response to Interrogatory No. 9 except subsection (j) for all 20 Series utility, row-crop and 4WD tractors, whether agricultural or industrial, for each alleged bypass starting accident regardless of whether or not the injured individual alleged that the 20 Series tractor was in "park" or "neutral." This information shall be provided to the Brineys by no later than **5:00 p.m. on Friday, July 9, 1993** unless extended by further order of the undersigned or Judge Longstaff.

**IT IS SO ORDERED.**