Steven REE, Plaintiff,

v.

**ROYAL CARIBBEAN CRUISES LTD., Defendant.**

**Case No.15–21842–Civ–COOKE/TORRES**

United States District Court,
S.D. Florida.

Signed February 25, 2016

---

Peter Joseph Ridge, Michael A. Winkleman, Lipcon Margulies & Alsina, Miami, FL, for Plaintiff.

Carlos Javier Chardon, Hamilton, Miller & Birthisel, LLP, Randy Scott Ginsberg, Royal Caribbean Cruises Ltd., Miami, FL, for Defendant.

### ORDER ON PENDING DISCOVERY MOTIONS

EDWIN G. TORRES, United States Magistrate Judge

## I. BACKGROUND

This action is a maritime claim arising from an injury that Plaintiff sustained onboard a vessel during an offshore excursion promoted by Defendant, Royal Caribbean Cruises. [D.E. 20]. Plaintiff alleges that Defendant was negligent when in failing to warn Plaintiff of the dangers of "high speed boating" and in failing to correct those conditions. [D.E. 20 ¶ 33].

The primary issue in dispute in two pending discovery motions [D.E. 43, 59] relates to discovery requests for "prior similar incidents" aboard shore excursion vessels, other than Out Island Charters NV, for a five-year period prior to the Plaintiff's accident. Defendant argues that these interrogatory and

document requests fall outside the scope of permissible discovery in this case.

Plaintiff argues that the scope of discovery is broad, goes beyond what will ultimately be admissible at trial, and thus his requested discovery should be compelled. He contends that the discovery relevant and necessary to establish Defendant's notice of the dangerous condition, while being sufficiently limited in scope (i.e., incidents involving passengers being injured while participating in a shore excursion offering a high speed boating component).

## II. ANALYSIS

### A.

■ The context of the dispute arises from federal maritime law in actions arising from alleged torts "committed aboard a ship sailing in navigable waters." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir.1989). Duties under maritime law extend to torts occurring at offshore locations or ports-of-call during the course of a cruise. *See, e.g., Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 901 (11th Cir.2004); *Isbell v. Carnival Corp.*, 462 F.Supp.2d 1232, 1236 (S.D.Fla.2006) (applying federal maritime law in negligence action against cruise line company stemming from accident occurring during an offshore excursion).

■ The duty of care owed by a shipowner to its passengers of "ordinary reasonable care under the circumstance ... requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1322. Therefore, generally, in order to prove that a defendant breached its duty of care, a plaintiff must show that: (1) a dangerous condition existed and (2) that defendant had actual notice of the dangerous

condition. *Id.* This duty includes a duty to warn passengers of dangers the cruise line knows or reasonably should have known. *See, e.g., Goldbach v. NCL (Bahamas) Ltd.*, 2006 WL 3780705, at *2 (S.D.Fla. Dec. 20, 2006). The duty to warn extends "beyond the port" to "place[s] where the passenger is invited to, or reasonably may be expected to visit." *Wolf v. Celebrity Cruises, Inc.*, 101 F.Supp.3d 1298, 1307 (S.D.Fla.2015) (quoting *Carlisle v. Ulysses Line Ltd.*, 475 So.2d 248, 249 (Fla. 3d DCA 1985)). But "this duty to warn extends only to *specific*, known dangers particular to the places where passengers are invited or reasonably expected to visit, not to general hazards." *Aronson v. Celebrity Cruises, Inc.*, 30 F.Supp.3d 1379, 1392–93 (S.D.Fla.2014) (emphasis added).[1]

■ The question most pertinent here is the scope of discovery when a plaintiff alleges the shipowner knew or should have known of those risks to warn its passengers and minimize the risks. This requires us to consider the body of caselaw that addresses "substantially similar" incidents. *See Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396, 1397 n. 12 (11th Cir.1997) (evidence of prior accidents or occurrences are admissible "in order to show, for example 'notice, magnitude of the danger involved, the [party's] ability to correct a known defect, the lack of safety for intended uses, strength of a product, the standard of care, and causation' but "before evidence of prior accidents or occurrences is admitted into evidence, the proponent of such evidence must show that conditions substantially similar to the occurrence cause the prior accidents") (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir.1988)). The "substantial similarity" doctrine does not require identical circumstances, and allows for some play in the

1. It is also true that a dangerous condition is one that is not apparent and obvious to the passenger. *Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F.Supp.2d 1308, 1315 (S.D.Fla.2011) (Jordan, J.); *see, e.g., John Morrell & Co. v. Royal Caribbean Cruises, Ltd.*, 534 F.Supp.2d 1345, 1351 (S.D.Fla.2008) ("The inherent dangers of operating a motor vehicle, such as a dune buggy (which [plaintiff] concedes is substantially similar to an automobile), are commonly known and most people in the United States become familiar

with them in their every day lives."). We will assume for purposes of this discovery dispute that this "obviousness" defense (i.e. that the dangers from an excursion that involves a recreational vessel at high speed over ocean waters are apparent and well-known) has no bearing on a discovery dispute regarding prior actual or constructive notice of the alleged dangerous condition. Whether such a condition was obvious or not is a matter that will be addressed on summary judgment or at trial.

joints depending on the scenario presented and the desired use of the evidence. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1287 (11th Cir.2015) (citing *Borden, Inc. v. Florida East Coast Railway Co.*, 772 F.2d 750 (11th Cir.1985)).

▪ Critically, however, "[b]ecause of the potential prejudicial impact of prior accidents, courts have developed limitations governing their admissibility. First, conditions substantially similar to the occurrence in question must have caused the prior accident.... Second, the prior accident must not have occurred too remote in time." *Jones v. Otis Elevator Co.*, 861 F.2d at 661–62 (citing *Ramos v. Liberty Mut. Ns. Co.*, 615 F.2d 334, 339 (5th Cir.1980); *Jones & Laughlin & Steel Corp. v. Matherne*, 348 F.2d 394, 400 (5th Cir.1965)).

▪ For discovery purposes, these prerequisites for the admission and reliance on past incidents need not be strictly construed. *See, e.g., In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1191 (10th Cir.2009) ("Substantial similarity depends upon the underlying theory of the case.... When the evidence is offered to demonstrate that a highly dangerous condition existed, a high degree of substantial similarity is required. 'The requirement of substantial similarity is relaxed, however, when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect.' ") (citations omitted). The entitlement to discovery concerning other incidents does not require a party to lay the same foundation of substantial similarity as would be necessary to support admission into evidence. *See, e.g., Lohr v. Stanley–Bostitch, Inc.*, 135 F.R.D. 162, 164–65 (W.D.Mich.1991); *Uitts v. General Motors Corp.*, 58 F.R.D. 450, 452–53 (E.D.Pa. 1972). For discovery purposes, a court need only find that the circumstances surrounding the other accidents or products are "similar enough" that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences. *See, e.g., A.H. ex rel. Hadjih v. Evenflo Co.*, 2011 WL 3684807, at *4 (D.Colo. Aug. 23, 2011); *Kramer v. Boeing Co.*, 126 F.R.D. 690, 692–95 (D.Minn.1989); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) ("Rule 26 provides that the proper scope of discovery is not limited to information admissible at trial, but can also include information 'reasonably calculated to lead to the discovery of admissible evidence.' Fed. R. Civ. P. 26(b)(1).").

▪ The problem that Plaintiff has, however, is that even applying a relaxed discovery standard his prima facie showing for discoverability fails by any measure. As to the first factor, the existence of similar conditions between past incidents and the present injury claim, Plaintiff's pending discovery requests are not tethered in any way to similar (or even remotely similar) conditions. The request presumably requires production of past injuries involving any type of "high speed" boat on any navigable ocean waterway, in any area of the world where Defendant travels. The first limitation is utterly inconsequential because *every* excursion vessel could arguably fit that category. The request is not limited to a particular type of vessel in any form or manner (even though the complaint specifically refers to a "zodiac" vessel).

▪ Thus Plaintiff has failed to show even on a "similar enough" basis how these requests are permissible based on the location or conditions alleged. To satisfy the substantial similarity doctrine a past incident must be reasonably related in terms of location *and* condition. *See, e.g., Sorrels*, 796 F.3d at 1287 (affirming exclusion of past incidents where "none of them occurred where [plaintiff] fell[,]" "the liquids that the other passengers slipped on differed[,]" and "in some of the other incidents there were other factors involved."). Both factors are glaringly missing here.

At the very least, a relevant request tethered to the particular waters where the accident occurred, coupled with the type of vessel involved, would be somewhat similar— and might be enough for discovery purposes. But these requests are not so limited. They seek production of data that is potentially utterly irrelevant from the circumstances of this case. In other words, they are not seeking "similar" incidents in any meaningful way.

Given the nature of the injury involved here, of course, it is undeniably difficult to fashion a request in this manner. The Plaintiff alleges that the injury occurred through high speed operation on ocean water, which caused high speed impact with the Plaintiff and the vessel, leading to injury. Plaintiff has already requested past incidents involving the same excursion operator, which apparently produced no responsive information. But Plaintiff cannot address that problem in fashioning his case by requesting facially overbroad discovery that does not come close to satisfying even a prima facie showing for substantially similar evidence.

The fact that Plaintiff may be aware of another similar incident involving a different operator or a different cruise line only highlights the deficiency in the prima facie showing here. Because the only relevant issue is notice to this Defendant, the notice alleged must either be tied to the particular operator, the particular vessel, the particular waters, or at least the particular conditions. Otherwise, the only notice that Defendant would have would be that high speed boats on the open ocean can be dangerous, but that then squarely implicates the Defendant's argument that such knowledge is common knowledge to everyone, including this Plaintiff.

. This is fundamentally the same as the question decided by this Court in *Wolf v. Celebrity Cruises, Inc.*, 101 F.Supp.3d 1298 (S.D.Fla.2015) (Cooke, J.). That case involved the dangers of a zip line excursion operator in Costa Rica. The Court entered summary judgment against the plaintiff who failed to show any evidence of a duty to warn or notice of a dangerous condition, because no evidence existed that the defendant had ever been made aware of any particular dangers or unsafe practices by that particular excursion operator. *Id.* at 1307. The Court rejected the broader argument that the defendant was liable based on its knowledge of the general dangers of zip line activities, and also rejected the argument that the defendant created the condition by retaining the excursion operator's services in the first place. *Id.* ("the mere fact that an accident occurs does not give rise to a presumption that the setting of the accident constituted a dangerous condition.").

Also analogously, Judge King held that the duty to warn could not extend to liability for an injury to a passenger who was victimized in Nassau due to a rising crime rate, which condition the cruise line was alleged to have known about but did not adequately address. *See Koens v. Royal Caribbean Cruises, Ltd.*, 774 F.Supp.2d 1215, 1220 (S.D.Fla.2011) ("Here, there are no allegations in either of the Complaints that RCL knew or should have known of dangerous conditions on either the Caribbean Segway Tour or on the grounds of Earth Village Nature Preserve."). Again, the generic danger involved was not sufficient; the specific location and condition involved were the essential factors to focus on.

■ We too must resolve the pending dispute under the same principle. The duty to warn can arise only for the specific location or the specific operator of the excursion, or otherwise based upon similar conditions or locations where the accident occurred that could have given a vessel owner constructive notice of a particular risk. The duty does not extend to knowledge of any generalized maritime danger in any region of the world. Plaintiff's attempt to obtain discovery into general risks associated with vessels on the ocean is outside the scope of possible relevance in this case, even assuming such discovery could be obtained.

And so we find that discovery requests like these that are not adequately linked to a particular hazard, location or condition are not enforceable. *See also Joseph v. Carnival Corp.*, 2011 WL 3022555, at *3 (S.D.Fla. July 22, 2011) (no duty to warn where passenger did not allege that cruise line "knew or had reason to known of any incidents associated with the latent dangers of parasailing involving the specific vendor engaged") (citing *Carlisle*, 475 So.2d at 251 (common carrier's duty to warn is "limited to dangers known to exist in the particular place where the passenger is invited to, or reasonably may be expected to visit.")).

Therefore, the Court finds that the interrogatory and production requests at issue in these motions fail to satisfy even a remote showing of similarity with which to compel further discovery. The motions are Denied on this basis.[2] Defendant's objections to the requests at issue are sustained on relevance grounds under Rule 26(b).[3]

### B.

Other than the issue decided above, the amended motion to compel production [D.E. 59] also separately challenges the manner in which Defendant responded to the production requests. Defendant's responses to the similar incident requests appear to have answered in the negative initially (e.g., Nos. 25, 29, 32, 33, 34 and 35) but then objected on the basis of relevance and scope, as well as privilege in some instances.

The Court agrees that ambiguous responses like these are improper because they leave a requesting party in doubt as to what may be left at issue. *See Guzman v. Irmadan, Inc.,* 249 F.R.D. 399 (S.D.Fla.2008). Defendant's responses should make clear in the first instance whether any known potentially responsive documents were withheld on the basis of the objection, or whether instead no responsive documents exist at all, whether objectionable or otherwise.

Therefore, the amended motion to compel is Granted in part on this basis. Defendant shall amend each response cited in the motion to clarify whether any known responsive documents were withheld on the basis of an objection or privilege. If a privilege was relied upon to do so, a privilege log must be served that complies with the Court's Local Rule. Defendant shall comply with this Order within fourteen days.

### III. CONCLUSION

A. Plaintiff's Motion to Compel Better Responses to Interrogatories [D.E. 43] is **DENIED.**

B. Plaintiff's Motion Motion to Compel Better Responses to Production Requests, [D.E. 46], is **DENIED** as moot upon the filing of an amended motion.

C. Plaintiff's Amended Motion to Compel Better Responses to Production Requests, [D.E. 59], is **GRANTED** in part as set forth above and otherwise **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of February, 2016.

---

**2.** This ruling extends to Production Request No. 31 that is linked to notice of back or neck injuries on any shore excursion. Again, this request is objectionable in part on the reasons cited above. But in addition, the request is facially overbroad because how or why a person sustained a back injury on an excursion materially different from the one at issue here has zero bearing on Defendant's liability in this case. There is no authority for the proposition that the similarity of an injury, without more, is sufficient to trigger unbounded discovery into all such injuries.

**3.** At the very least, Defendant has met its initial burden of showing that the requested discovery has no reasonable bearing on the claims and defenses raised in the case, *e.g., Wrangen v. Penn-sylvania Lumbermans Mut. Ins. Co.,* 593 F.Supp.2d 1273, 1278 (S.D.Fla.2008), or at a minimum demonstrated that the requested discovery is of such marginal relevance that the potential harm occasioned by production would far outweigh the ordinary presumption in favor of broad disclosures, *e.g., Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D.Fla.2007). In response, Plaintiff has cited no authority for the proposition that these types of requests, which are not limited by similar location or similar condition, should nevertheless be compelled under the substantial similarity doctrine. To the contrary, the Court's own research has found only relevant authority that undermines Plaintiff's position.